UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY D. EUBANKS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 05-cv-1361 JCH |
| | ) | |
| COTTRELL, INC., | ) | |
| | ) | |
| Defendant, | ) | |

## **ORDER**

This matter is before the Court on Defendant's Motion to Bar Plaintiff's Expert from Testifying (Doc. No. 29), filed August 16, 2006.[1] This matter is also before the Court on Plaintiff's Motion to Compel (Doc. No. 41), filed October 10, 2006. The matters are fully briefed and ready for a decision.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Bar Plaintiff's Expert (Doc. No. 29) is **GRANTED** in part and Linda Weseman shall answer deposition questions regarding the following subjects:

1. Her work done as a consultant for Boydstun Metal Works, Inc. ("Boydstun"), including, but not limited to:

---

[1]Defendant also filed a Supplemental Memorandum in Support (Doc. No. 46) on October 19, 2006. The Plaintiff correctly points out that this supplemental memorandum was improperly filed; however, the Court will still consider it because the Plaintiff briefed a full Response to Doc. No. 46.

1

      a.      What she does for Boydstun in her role as a consultant;

      b.      What design and safety issues she and Boydstun have, and have not, discussed;

      c.      Any discussions with Boydstun involving Cottrell, Inc or Cottrell, Inc.'s products;

      d.      Any conversation she has had about skid design and skid safety with Boydstun;

      e.      The amount of compensation she receives from Boydstun for her work generally; and

      f.      If she received any additional compensation from Boydstun for testifying in this case.

Failure to answer questions regarding these subjects, or any other relevant subject, will result in sanctions under Federal Rule of Civil Procedure 37, including the exclusion of Linda Weseman as a witness.

**IT IS FURTHER ORDERED** that Plaintiff's will pay the costs of redeposing Linda Weseman.

**IT IS FURTHER ORDERED** that Defendant's Motion to Bar Witness is **DENIED** in part as it pertains to all other matters without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel is **DENIED** as moot.


Dated this 17th day of November, 2006.


                                /s/ Jean C. Hamilton
                                UNITED STATES DISTRICT JUDGE